CHARLES E. MESERVEY, Judge of Probate,

*vs.*

BRADFORD K. KALLOCH, and others.

Knox.    Opinion December 9, 1902.

*Probate.    Admr. de bonis non.    Suit on Bond.    R. S., c. 72, §§ 10, 16.*

In this State, it is well settled, in the absence of a statute to the contrary, in accordance with the common law rule, that only the unadministered property of the intestate vests in the administrator de bonis non, that is, the goods, effects and credits which were the property of the intestate at the time of his decease, and which remain in specie, unaltered or unconverted by any act of the administrator, or the proceeds received by him from the sale of any such property, which have been kept intact and which have not been commingled with the administrator's own money.

As only such unadministered property of the intestate, and the unconverted proceeds of property sold vest in an administrator de bonis non, he can institute a suit against his predecessor and his sureties only in respect to such property. Except as to the unadministered estate, he is not a "person interested personally, or in any official capacity" within the meaning of R. S., c. 72, § 10, which authorizes such a person to maintain a suit upon a probate bond after his interest has been specifically ascertained by a decree of the judge of probate; nor a "party interested" within the meaning of § 16 of the same chapter, which provides that the judge of probate may authorize such a party to commence suit on the probate bond.

As there is no claim in this case that any of the property of the intestate remains in specie in the possession of the former administrator, or that the balance of the proceeds received by him from the sale of real estate has been kept in his hands by itself, uncommingled with his own or other money, the action cannot be maintained.

But the persons legally interested, within the meaning of the two sections above referred to, as creditor, widow, next of kin or otherwise, are not without ample remedy. Being so interested such persons can maintain an action upon the probate bond by proceeding in the manner provided by statute.

On report. Judgment for defendants.

Debt by the judge of probate of Knox County, on the application of the administrator de bonis non, against the principal and sureties on the bond given September 20, 1898, by the original administrator, for license to make sale of real estate. Besides the general issue, there was, by leave of court, a special plea in bar of full performance of the conditions of the bond.

The defendant B. K. Kalloch was appointed administrator of the estate of Alden Gay late of Thomaston, deceased, June 18, 1895. There was real estate appraised at $3150 and some personal estate. All of the personal estate was afterwards decreed to the widow as an allowance, which she received. On September 20, 1898, license was granted on petition to sell real estate at private sale and the bond, which is now in suit, was then given in the usual form. The administrator afterwards sold all the real estate at private sale for $1700; and on July 28, 1899, settled his first account, showing a balance in his hands of $1061.99. On December 19, 1899, Kalloch was removed as administrator, and on February 20, 1900, D. N. Mortland, Esq., was appointed and qualified as administrator de bonis non. Kalloch never settled any other or further account of his administration and the said sum of $1061.99 was still in his hands at the commencement of this suit. There were two disputed claims of creditors amounting to $408.97, which were allowed by commissioners, and remained unpaid at the date of suit. There were also several heirs who were entitled to distributive shares in the estate. The administrator de bonis non, on November 20, 1900, filed a petition to the Probate Court for leave to bring this suit, on which decree was entered authorizing it. This suit was commenced Novem-

ber 26, 1900.   The plaintiff's term as judge of probate expired and that of his successor began January 1, 1901.   It appeared by the report that the defendant denied the sufficiency of the decree, authorizing this suit.

*D. N. Mortland,* for plaintiff.

By the admission that a bond in usual form was given and that this is the one in suit, the defense on the general issue is abandoned.

The undisputed facts in the case show that there was a balance of $1061.99 in the hands of the original administrator at the time authority was given to commence this suit on the bond, hence he and his bondsmen are not to be allowed to go free without valid reason, which the pleadings and evidence in the case wholly fail to show as existing.

Revised Statutes, c. 72, § 16, provides that "The judge of probate may expressly authorize any party interested, to commence a suit on a probate bond for the benefit of the estate, and such authority shall be alleged in the process; and when it appears, in any such suit against an administrator, that he has been cited by the judge to account, upon oath, for such personal property of the deceased as he has received, and has not done so, execution shall be awarded against him for the full value thereof, without any allowance for charges of administration or debts paid."

Now the case shows that he "was removed as administrator for legal causes," among which, as the evidence shows, was a failure to give new bond or to settle his final account as ordered, all of which occurred a long time prior to the application for permission to bring this suit.

Besides commenting on the various statutes relating to the case, counsel cited: *Potter* v. *Webb,* 2 Maine, 257; *McLean* v. *Weeks,* 65 Maine, 411; *Decker* v. *Decker,* 74 Maine, 465; *Clark* v. *Pishon,* 31 Maine, 503; *Judge of Probate* v. *Quimby,* 89 Maine, 574; R. S., c. 71, § 4, par. 11; *Groton* v. *Tallman,* 27 Maine, 68, 74; *Williams* v. *Esty,* 36 Maine, 243, 244; *Waterman* v. *Dockray,* 78 Maine, 139; R. S., c. 72, § 10; *Bennett* v. *Overing,* 16 Gray, 267.

*J. E. Moore,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

WISWELL, C. J. This action is brought by an administrator de bonis non, in the name of the judge of probate, against a former administrator of the estate, and his sureties upon a bond given to obtain a license to sell the real estate of the intestate. The former administrator, after selling the real estate under license, settled an account in the Probate Court which showed a balance of the proceeds of such sale in his hands, due the estate, of $1061.99. He was subsequently removed from his trust "for statute reasons" as said in the report. The suit is to recover this balance.

In this State, it is well settled, in the absence of a statute to the contrary, in accordance with the common law rule, that only the unadministered property of the intestate vests in the administrator de bonis non, that is, the goods, effects and credits which were the property of the intestate at the time of his decease, and which remain in specie, unaltered or unconverted by any act of the administrator, or the proceeds received by him from the sale of any such property, which have been kept intact, and which have not been commingled with the administrator's own money.

As only such unadministered property of the intestate, and the unconverted proceeds of property sold, vest in an administrator de bonis non, he can institute a suit against his predecessor and his sureties only in respect to such property. Except as to the unadministered estate, he is not a "person interested personally, or in any official capacity" within the meaning of R. S., c. 72, § 10, which authorizes such a person to maintain a suit upon a probate bond after his "interest has been specifically ascertained by a decree of the judge of probate;" nor a "party interested" within the meaning of § 16 of the same chapter, which provides that the judge of probate may authorize such a party to commence suit on a probate bond. These principles have been fully established in this State in the cases of *Waterman* v. *Dockray*, 78 Maine, 141, and *Hodge* v. *Hodge*, 90 Maine, 505. If it should be thought advisable that the law should be changed in this respect so that an administrator de

bonis non may maintain an action against his predecessor upon a probate bond to recover any money in his possession due the estate, it must be done by legislative action.

In this case there is no claim that any of the property of the intestate remains in specie in the possession of the former administrator, and there is neither claim nor proof that the balance of the proceeds from the sale of real estate has been kept in his hands by itself, uncommingled with the former administrator's own money. The action therefore cannot be maintained. But the persons legally interested, within the meaning of the two sections above referred to, as creditor, widow, next of kin or otherwise, are not without ample remedy. Being so interested such persons can maintain an action upon the probate bond by proceeding in the manner provided by statute.

*Judgment for defendants.*